**DEJAY STORES, Inc. et al.**
v.
**RYAN.**

United States District Court
S. D. New York.
Jan. 25, 1954.

Gallop, Climenko & Gould, New York City (Jesse Climenko and Lester J. Tanner, New York City, of counsel), for plaintiffs.

J. Edward Lumbard, U. S. Atty. So. Dist. N. Y., New York City (Milton R. Wessel, New York City, of counsel), for defendant.

EDELSTEIN, District Judge.

The defendant moves for summary judgment in an action against the Collector (now Director) of Internal Revenue, to recover taxes paid on the amount of contributions to an employees' pension trust. There are seven plaintiffs, six being wholly owned subsidiaries of the principal plaintiff, Dejay Stores, Inc., which will be considered as the plaintiff.

Dejay keeps its books on the accrual basis with a fiscal year ending January 31. During 1943 the plaintiff gave consideration to a plan to establish a pension trust for its employees, and by early January, 1944, an agreement was reached among the officers and directors, counsel and pension consultants on all the terms, provisions, benefits and conditions of an employee retirement plan (subject to the approval of stockholders and the Commissioner, which conditions would not disqualify a plan under the provisions of the Internal Revenue Code applicable to the taxable year involved). On January 17, 1944, the board of directors adopted resolutions approving the plan and authorizing accrual of a contribution for the fiscal year. The contribution was accrued on its books by the corporation on January 31, 1944, the last day of its fiscal year. In December of 1943, plaintiff had made arrangements with the Bank of the Manhattan Company for that bank to act as trustee under a trust agreement which was to be in the bank's usual form. But the trust indenture was not executed until March 27, 1944, simultaneously with the payment to the trustee of the accrued contribution, almost sixty days after the close of the plaintiff's fiscal year. In April of 1944 an application to the Commissioner for approval of the plan was made, and at a stockholders' meeting in May, the stockholders approved the plan. In answer to the application for approval, the Commissioner ruled by letter that the plan met the requirements of section 165(a) of the Internal Revenue Code, 26 U.S.C.A. § 165(a), and that the trust established under it was entitled to exemption. But in answer to the specific question of the allowability of the deduction for the fiscal year ending January 31, 1944, the letter said: "Contributions made to the trust will be allowable as deductions from gross income in accordance with section 23(p) of the Internal Revenue Code, as amended, subject, however, to verification upon examination of your income tax returns." The Commissioner subsequently disallowed the deduction claimed for the fiscal year ending January 31, 1944, on the ground that the formal trust indenture with the bank had not been executed prior to the close of the plaintiff's fiscal year.

The issue is whether the plaintiff properly deducted, in its 1943 fiscal

year, the contribution paid on March 27, 1944, to an employees' pension trust. Except as modified by section 23(p) (1) (E), section 23(p) (1) (A) of the Internal Revenue Code specifically requires payment to a trust within the taxable year for which the deduction is claimed, and further requires that the trust be exempt for that year. Section 23(p) (1) (E) modifies this rule only to a limited extent for an accrual basis taxpayer, who is deemed to have made a payment on the last day of the year of accrual, provided the payment is in fact made within sixty days after the close of the year of accrual. Except to the extent that this limited recognition of accrual applies, an accrual basis taxpayer is treated as on a cash basis for the purpose of claiming tax deductions for contributions to a pension trust. 555, Inc., 1950, 15 T.C. 671, 679.

In this case, however, no trust was actually established during the taxable year when the contribution was accrued on the taxpayer's books. Thus, the questions here presented are (1) whether, under section 23(p) (1) (E), only the payment of the contribution shall be deemed to relate back to the year of accrual where such payment is made within the sixty day period, or whether the trust shall also be deemed to exist and to be exempt for the year of accrual where these conditions are satisfied at the time of payment, though the trust was not in fact established during the earlier year; and (2) whether, for the payment to qualify under section 23(p) (1) (E), it is necessary only to establish that the payment was accrued on the taxpayer's books within the taxable year and was paid within sixty days after the close of the year, or whether, in order to support the "accrual", it must be established that an enforceable obligation to make the payment was incurred within the taxable year.

It seems clear that, within the limitations of amount provided by section 23 (p), the taxpayer was entitled to a deduction for the contribution here involved either in the year when the contribution was accrued on its books or in the year of payment. No important considerations of policy are involved in determining which is the proper year for the deduction; the limited recognition of accruals for this purpose accorded by section 23(p) is itself entirely arbitrary. There is no persuasive reason why Congress should have intended to condition the deduction on the existence either of the exempt trust or of an enforceable obligation within the taxable year because actual payment to an exempt trust within sixty days of the close of the year is required. The requirement of payment insures that deductions will not be allowed for amounts which may never be paid because no enforceable obligation exists. Cf., Internal Revenue Code, section 23(q). However, the statute literally requires that a qualified trust exist during the taxable year for which the deduction is claimed and the Treasury has consistently so interpreted it. Mim. 6394, 1949–1 Cum.Bull. 118; Mim. 4985, 1946 Cum.Bull. 72. The Tax Court has supported this interpretation. Abingdon Potteries, Inc., 1952, 19 T.C. 23; Chesapeake Corp. of Virginia, 1951, 17 T.C. 668.

■ Although permitting the deduction only in the year of payment in circumstances like those presented in the instant case may cause substantial hardship to some taxpayers, and may not be necessary to the achievement of the basic purposes of the statute, this possibility does not seem a sufficient reason for departing from the normal construction of the statutory language. Accordingly, section 23(p) is interpreted as requiring that the trust exist and be exempt within the taxable year and that the accrual of the contribution be made pursuant to the occurrence of all events which fix the liability to pay (except, of course, the conditions expressly permitted in earlier years relating to approval of the plan by the Commissioner and by stockholders).

■ Plaintiff argues that the adoption of the pension plan during the taxable year was sufficient to establish the

liability to pay. But 23(p) (1) (A) requires a trust exempt under 165(a); and 165(a) (2) applies only to a "trust forming part of a * * * pension * * * plan * * * if under the trust instrument it is impossible, at any time prior to the satisfaction of all liabilities with respect to employees and their beneficiaries under the trust, for any part of the corpus or income to be * * * used for, or diverted to, purposes other than for the exclusive benefit of his employees or their beneficiaries * * *." Thus, the employees' rights must, under a trust forming part of a pension plan, be "vested" (except for the two noted conditions then applicable). The plaintiff had, within the taxable year, a plan which contemplated the establishment of the required type of trust. But there was no trust "forming part of" the plan. The plan was a unilateral expression of intent by the plaintiff which could have been withdrawn or abandoned without subjecting the plaintiff to liability to anyone, because it had entered into no binding trust agreement during the year in question. Employees' rights did not "vest" (subject to the two conditions) until the execution of a trust agreement in the subsequent fiscal year, and the mere existence of a plan, without a trust, did not support an accrual of liability for tax purposes under section 23(p) (1) (E).

■ The adoption by the plaintiff of the pension plan did not qualify as a tentative trust agreement. Compare, 555, Inc., supra; Crow-Burlingame Co., 1950, 15 T.C. 738. Though the plan may have covered in detail all required terms of a pension trust, it was not a declaration of trust, but a unilateral, revocable declaration of intent. Whether or not there was in existence an oral trust is, in my opinion, irrelevant. For the statute refers to a "trust instrument", and a writing seems necessary to the scheme of requiring assurance that the corpus and income will not be diverted to purposes other than the benefit of the employees. The regulations require a copy of the instrument to be filed with the Commissioner before an exemption can be claimed, Regs. 111, §§ 29.23(p), 29.-165, and it is difficult to comprehend how the legislation could be practicably effectuated in any other manner.

■■ Finally, plaintiff contends that the Commissioner may not properly disallow deduction of its contributions, on the ground that he had, in his ruling letter, held that they were deductible. Plaintiff had requested a ruling on whether its specific contributions were deductible, but the answer received was not responsive as to the particular deduction. Thus, assuming that the Commissioner could so preclude himself, H. S. D. Co. v. Kavanagh, 6 Cir., 191 F.2d 831, 843–846, he has not done so. Furthermore, the plaintiff was not prejudiced by the ruling. The request was not made until more than sixty days after the close of the fiscal year and after the creation of the trust and payment of funds to the trustee. The plan and contributions were expressly conditioned upon the Commissioner's approval of the *plan* (as then permitted), but were in no way made subject to the securing of a ruling on the taxable year when deductions could be taken for particular contributions. The plan and the trust forming a part of it were approved as qualifying under the statute, and, even if the ruling letter had expressly disallowed the specific deductions inquired about, the plan and the trust had qualified, the plaintiff's contribution had been made, and the employees rights had "vested"; in short, the plaintiff would have been committed. Indeed, the plaintiff's own position is that the employees' rights became enforceable upon the adoption of the plan, subject only to the conditions of stockholder and Commissioner approval. In these circumstances plaintiff is in no position to claim that it placed reliance, to its detriment, on a letter ruling about specific deductions.

Accordingly, the motion for summary judgment will be granted.